UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY BLANE THOMPSON,

    Plaintiff,

v.

BARBARA MINER, et al.,

    Defendant.

CASE NO. 2:22-cv-00167-TL

**REPORT AND RECOMMENDATION**

Plaintiff, a detainee at the Washington State Coyote Ridge Corrections Center, submitted for filing a "Complaint For Declaratory Judgment, against Barbara Miner, the Clerk of the King County Superior Court, and the Regional Justice Center. Plaintiff alleges Defendants violated his due process rights by failing to file a Petition for Writ of Habeas Corpus that he mailed to the Superior Court Clerk's Office in November 2021. Dkt. 1.

Plaintiff also submitted an application to proceed *in forma pauperis* (IFP) using the name Anthony Blane Thompson and an incorrect IFP application form. Dkt. 1. The Clerk noted the Department of Corrections inmate number Plaintiff used in the first IFP application did not match Anthony Blane Thompson but was assigned to a different person in prison named Mark Thomas. The Clerk directed Plaintiff to submit a corrected IFP form using the proper IFP

REPORT AND RECOMMENDATION - 1

application form. Dkt. 2. On February 28, 2022, Plaintiff submitted a corrected IFP application that was signed "Anthony Blane Thompson/aka Mark Thomas." Dkt. 3.

On March 4, 2022, the Honorable Tana Lin referred this case to the undersigned United States Magistrate Judge. Dkt. 4. The Court has reviewed the proposed complaint, and recommends it be DISMISSED with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2). Because the complaint's deficiencies cannot be cured the Court recommends leave to amend be denied as futile. If this recommendation is adopted, the Court recommends the motion to proceed IFP be stricken as moot.

## DISCUSSION

### A.   Relevant Legal Standards

The Court is required to screen complaints filed by prisoners, such as Plaintiff, under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Although the complaint avers Plaintiff seeks declaratory relief "according to 5 U.S.C. § 702," Dkt. 1 at 1, it appears federal jurisdiction over the case falls under 28 U.S.C. § 1331 and 42

REPORT AND RECOMMENDATION - 2

U.S.C. § 1983 because Plaintiff claims Defendants deprived him of due process, a federal constitutional claim. Section 702 normally applies to legal wrongs for which a governmental agency is accountable within the meaning of the Administrative Procedures Act. *See Presbyterian Church (U.S.A) v. United States*, 870 F.2d 518, 524 (9th Cir. 1989). Claims against agencies normally require exhaustion of pre-suit remedies as a prerequisite to judicial review under § 702. *See Darby v. Cisneros*, 509 U.S. 137, 154 (1993) ("Where the APA applies, an appeal to "superior agency authority" is a prerequisite to judicial review only when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review."). Here, there is no indication that Plaintiff attempted to exhaust his state remedies under RCW 4.96.020 which requires submission of a claim before filing a lawsuit for any tortious conduct allegedly committed by agents of local governmental entities in Washington State. As Plaintiff alleges Defendant committed "crimes" against him, an allegation of tortious conduct, RCW 4.96.020 has application to his case.

However, because Plaintiff alleges violation of his federal constitutional rights, the Court reviews the complaint under § 1983. To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

REPORT AND RECOMMENDATION - 3

**B.     Plaintiff's Allegations**

The complaint alleges on November 17, 2021, Plaintiff mailed to the Regional Justice Center (RJC), Department of Judicial Administration "copies of a Petition for Writ of Habeas Corpus. Dkt. 1 at 1. Plaintiff did not receive a response and confirmed with the Postal Service that his mail was delivered. *Id.* On December 17, 2021, Plaintiff wrote the RJC asking about the status of the Habeas Petition he had mailed. *Id.* On January 6, 2022, Plaintiff received a response indicating the Clerk was unable to locate a valid King County Superior Court Case Number and indicated "No further action will be taken by the Clerk's Office <u>after</u> filing your documents in your case." *Id* at 1-2.

On January 17, 2022, Plaintiff filed another notice to Barbara Miner indicating he believed his due process rights were being violated. Plaintiff alleges Barbara Miner violated his constitutional rights by failing to file his Petition for Writ of Habeas Corpus, thereby denying him access to the Courts and "his remedy." *Id.* at 2.

As relief, Plaintiff seeks an order declaring Barbara Miner violated his due process rights, improperly suspended the "privilege of Habeas Corpus," and thus committed crimes against Plaintiff. *Id.* at 2.

**C.     Defendants are Immune**

Plaintiff alleges that Defendant Barbara Miner violated his civil rights by denying him due process of law. The Court takes judicial notice that Defendant Barbara Minor is the King County Superior Court Clerk. It has long been held that court clerks have absolute quasi-judicial immunity for civil rights violations arising out of tasks or actions that are an integral part of the judicial process. *See Mullis v. U.S. Bankruptcy Court for Dist. Of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). The clerk of the court is immune from suit under quasi-judicial immunity when

they are engaged in such functions as "[t]he filing of exhibits and the processing of a request to withdraw an appeal[,]... tasks that are necessary to the judicial process." *Ocasio v. Kozinski,* No. C08–4820JF(PR), 2008 WL 5046288, at *1 (N.D.Cal. Nov. 25, 2008); see also *Miller v. Gammie*, 335 F.3d 889, 895–96 (9th Cir.2003) (judicial immunity extends to individuals performing functions necessary to the judicial process).

Clerk action that is "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" *Mullis*, 828 F.2d at 1390 (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). In *Mullis*, a bankruptcy debtor filed an action against the bankruptcy court clerks. *Mullis*, 828 F.2d at 1390. The plaintiff alleged denial to access of the court after the court clerks refused to accept and file an amended petition in his bankruptcy action. *Id.* at 1390. The Ninth Circuit found the clerk of court and deputy clerks are the court officials through whom filing cases is done. *Id.* "Consequently, the clerks enjoy absolute quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction." *Id.*

Here, the acts complained of are within the Superior court clerk's jurisdiction—the filing of the Petition for Writ of Habeas Corpus that Plaintiff avers he mailed to the Clerk. Defendant Barbara Miner who is the Superior Court Clerk is thus entitled to absolute quasi-judicial immunity and the complaint should be accordingly dismissed. *See e.g., Hill v. Sacramento County Clerk*, No. 20-CV-01477, 2020 WL 6446103 at * 2 (E.D. Cal., Nov. 3, 2020) ("when clerks file or refuse to file a document with the court, they are entitled to quasi-judicial immunity, provided the acts complained of are within the clerk's jurisdiction.").

The Court Clerks' quasi-judicial immunity also extends to the Defendant Superior Court, which Plaintiff has named the "King County Regional Justice Center." *See Reis v. D'Braunstein*,

REPORT AND RECOMMENDATION - 5

No. SA CV 08-0754-AG, 2008 WL 11342704, at *2, 2008 U.S. Dist. LEXIS 128969, at *5–6 (C.D. Cal. Dec. 15, 2008) (holding that "the broad doctrine of judicial immunity" covers the Superior Court of California for actions taken by its judges); *Hallmark Care Servs. v. Superior Court of Wash. for Spokane Cnty.*, No. 2:19-CV-0102-TOR, 2019 WL 2718500 at *6, 2019 U.S. Dist. LEXIS 109196 at *14 (E.D. Wash. June 28, 2019) (holding that Spokane County Superior Court and Spokane County—acting through their judges and commissioners—were entitled to judicial immunity), *aff'd,* 809 F. App'x 435, 436 (9th Cir. 2020).

The Regional Justice Center is county detention facility and does not file or process Petitions for Writs of Habeas Corpus such as the one at issue here. Because the county detention center had no involvement in this case, the Court assumes Plaintiff intended to name the King County Superior Court under which the clerk's office falls, as a secondary defendant. As Defendant Minor enjoys absolute quasi-judicial immunity, so does the King County Superior Court. The Court thus recommends the proposed complaint be dismissed as to both Defendant Miner and Defendant King County Superior Court.

The Court also notes there are two other deficiencies with the complaint, First, a Petition for Writ of Habeas Corpus filed by a person in custody pursuant to the judgment of a State Court is a federal remedy that should be presented to a federal court, *See* 28 U.S.C. § § 2241(a) and § 2254(a). The Court assumes Plaintiff is aware of this requirement because in 2009, he filed a § 2241 Petition for Writ of Habeas Corpus in this Court challenging his 1994 King County Superior Court convictions and sentence for First Degree Robbery, First Degree Assault, Attempted Murder in the First Degree and Attempting to Elude Police. *See Thomas v. Vail*, 2:09-cv-01182, Dkt. 5. This petition was denied and dismissed on the grounds it was barred by the habeas statute of limitations, Dkt. 16. The Court of Appeals for the Ninth Circuit denied issuance

1  of a certificate of finality effectively denying review of the dismissal. Dkts. 27 and 28. Hence, if
2  Plaintiff mailed to the King County Superior Court a Petition for Writ of Habeas Corpus under
3  these federal statutes, he mailed the federal Writ to the wrong Court.
4  　　　And second, the complaint alleges Plaintiff mailed his Petition for Writ of Habeas Corpus
5  to the "Regional Justice Center, Department of Judicial Administration." Dkt. 1 at 1. Plaintiff
6  avers the postal office "affirmed" delivery but does not allege that the state court clerk
7  acknowledged receiving the petition and but refused to file it. Rather, the complaint alleges
8  that the Superior Court Clerk's Office wrote Plaintiff a letter advising him that they could not
9  locate a valid King County Superior Court Case Number, which indicates the clerk's office had
10 not received and thus had no record of the Petition for Writ of Habeas Corpus. Rather than
11 mailing another copy of the federal Writ, Plaintiff decided to initiate this federal legal action.
12 The facts currently alleged thus do not establish Defendants knowingly or intentionally violated
13 Plaintiff's constitutional rights as Plaintiff alleges in his request for relief.

14 **D.     The IFP Application should be Stricken as Moot**

15 　　　The Court may grant indigent litigants to proceed IFP upon completion of a proper
16 affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in
17 denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir.
18 1963), cert. denied 375 U.S. 845 (1963). A district court may deny leave to proceed in forma
19 pauperis at the outset if it appears from the face of the proposed complaint that the action is
20 frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting
21 *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).
22 　　　While Plaintiff has submitted an IFP application averring he has no financial resources,
23 the Court recommends the application be stricken as moot. The grant of an IFP application

REPORT AND RECOMMENDATION - 7

presented by a person in prison would require that person to repay the civil filing fee. Rather than impose that financial burden upon Plaintiff, and because the Court recommends immediate dismissal, the Court recommends striking the IFP application as moot.

## CONCLUSION

Plaintiff alleges he mailed a Petition for Writ of Habeas corpus to the King County Superior Court. Such Petitions authorize federal courts, not state courts, to provide collateral relief state criminal convictions and sentences. The Petition at issued here thus appears to have been mailed to the wrong court. Additionally, Plaintiff names the Clerk of Court and the Superior Court as defendants. These defendants are immune defendants from suit. And lastly, the complaint does not allege Defendants refused to acknowledged receipt of the Habeas Petition and refused to file it. Rather it avers the state court clerk advised Plaintiff it could not find a valid case numbers for Plaintiff's pleading, indicating Defendant did not receive or could not find the Habeas Petition and thus did not knowingly or intentionally violate Plaintiff's rights by refusing to file the Petition. Because no amendment would cure the fact that Defendants are immune, the Court recommends denying leave to amend as futile and dismissing the case with prejudice. *See Edwards v. Mondora*, 700 Fed. Appx. 661 (9th Cir. 2017) (Affirming dismissal of pro se civil rights actions on grounds leave to amend would be futile).

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 17, 2022.** The Clerk should note the matter for **March 18, 2022**, as ready for the District Judge's

REPORT AND RECOMMENDATION - 8

consideration. if no objection is filed.  If A party filing an objection must note the matter for the Court's consideration.  The failure to timely object may affect the right to appeal.

DATED this 3rd day of March, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9