UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY B. THOMPSON,<br><br>                    Plaintiff,<br>          v.<br><br>BARBARA MINER, Office of King County Superior Court Clerk; and KING COUNTY REGIONAL JUSTICE CENTER,<br><br>                    Defendants. | CASE NO. 2:22-cv-00167-TL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

This matter comes before the Court on the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 5) ("Report and Recommendation") on Plaintiff Anthony Thompson's Motion to Proceed In Forma Pauperis (Dkt. No. 3) and Plaintiff's objections to the Report and Recommendation (Dkt. No. 7). Also before the Court is Plaintiff's Motion for Summary Judgment (Dkt. No. 8). Having reviewed the Report and Recommendation, the objections filed by Plaintiff, and the remaining record, the Court ADOPTS the Report and Recommendation of the United States Magistrate Judge, STRIKES Plaintiff's

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
OVERRULING OBJECTIONS - 1

Motion to Proceed In Forma Pauperis and Motion for Summary Judgment as moot, and DISMISSES the case for the reasons below.

## I. BACKGROUND

Mr. Thompson is currently incarcerated at the Washington State Coyote Ridge Correction Center.[1] Dkt. No. 1-2, at 1. Mr. Thompson alleges that he mailed a Petition for Writ of Habeas Corpus (the "Habeas Petition") to the Superior Court Clerk's Office on November 17, 2021. *Id.* at 1. When he did not receive an acknowledgment of his petition, he wrote to the "Regional Justice Center" ("RJC") asking about the status of the Habeas Petition he had mailed and received a response that the Clerk was unable to locate a valid King County Superior Court Case Number. *Id.* The Clerk's letter also stated, "No further action will be taken by the Clerk's Office <u>after</u> filing your documents in your case." *Id.* 1–2 (emphasis in original). Mr. Thompson sent a "Final Notice" to Ms. Miner regarding the filing of his Habeas Petition on January 17, 2022. *Id.* at 2. On January 28, 2022, the Clerk's office wrote Mr. Thompson, "Your document is being return[ed] to you because thhe [*sic*] clerk was unable to locate a valid King County Superior Court case number or the case caption/number provided is invalid." Dkt. No. 8-1, at 22.

On February 11, 2022, Mr. Thompson filed this lawsuit against Barbara Miner, the Clerk of the King County Superior Court, and RJC, alleging that Defendants violated his due process rights by failing to take further action with regard to his Habeas Petition. Dkt. No. 1-2, at 1. Along with his complaint, Mr. Thompson filed a Motion to Proceed In Forma Pauperis. Dkt. No. 1. United States Magistrate Judge Tsuchida filed a Report and Recommendation, recommending that the complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C.

---

[1] The Department of Corrections inmate number used by Plaintiff does not seem to match Plaintiff but is instead assigned to an incarcerated individual named Mr. Mark Thomas. In his corrected In Forma Pauperis application, Plaintiff signs himself as "Anthony Blane Thompson/aka Mark Thomas." Dkt. No. 3. For the purposes of this Order, the Court assumes Mr. Thompson and Mr. Thomas are the same individual.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
OVERRULING OBJECTIONS - 2

§§ 1915 and 1915A. Dkt. No. 5. Mr. Thompson filed a timely objection. Dkt. No. 7. Mr. Thompson also filed a Motion for Summary Judgment. Dkt. No. 8.

## II. Discussion

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). A party properly objects when he or she files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

The Court has reviewed *de novo* the Report and Recommendation as well as Mr. Thompson's objections. Finding the Report and Recommendation to be well-reasoned and clearly written, the Court adopts the Report and Recommendation in its entirety. Judge Tsuchida correctly found that Defendants, who were performing functions integral to the judicial process, are immune from suits for engaging in such functions under quasi-judicial immunity. Dkt. No. 5, at 4–5 (citing *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)). In this case, it appears Mr. Thompson's Habeas Petition could not be located by Defendants. Regardless of the reason for this, clerk actions in the course of their official duties are immune whether they constitute mistakes or willful refusals, even if they result in "grave procedural issues."[2] *Mullis*, 828 F.2d at 1390.

The Court will briefly address the cases cited by Mr. Thompson in his Motion for Summary Judgment as they appear to respond to the immunity issue addressed in the Report and

---

[2] The Court notes that habeas petitions are supposed to filed in federal court and not the state superior court and that Mr. Thompson has previously filed such a petition in federal court. *See Thomas v. Vail*, Case No. 2:09-cv-01182.

Recommendation. He cites to *Owens v. City of Independence*, 445 U.S. 622 (1980), *Maine v. Thiboutot*, 448 U.S. 1 (1980), and *Hafer v. Melo*, 502 U.S. 21 (1991) for the proposition that judicial officers are not immune from suit. But none of those cases involved judicial officers: *Owens* addressed the liability of a municipality (and its officials), *Maine* involved a suit against a State and its Commissioner of Human Services, and *Hafer* involved the elected general auditor of Pennsylvania. Therefore, these cases do not support Mr. Thompson's position.

Mr. Thompson further asserts that "[p]ublic servants in their official capacity can not claim sovereign immunity," citing to *Cooper v. O'Connor*, 99 F.2d 135 (D.C. Cir. 1938). Dkt. No. 8, at 2. However, in the same paragraph Mr. Thompson cites, the court went on to state:

> On the contrary, if the act complained of was done within the scope of the officer's duties as defined by law, the policy of the law is that he shall not be subjected to the harassment of civil litigation or be liable for civil damages because of a mistake of fact occurring in the exercise of his judgment or discretion, or because of an erroneous construction and application of the law.

*Cooper*, 99 F.2d at 138 (footnote omitted). This is completely consistent with the findings of Judge Tsuchida and this Court. And it is for this reason that Mr. Thompson's complaint cannot be cured.

Mr. Thompson objects to the Report and Recommendation because he filed a notice of bond with the Court on March 6, 2022. Dkt. No. 7, at 1. However, as he notes, the bond only relates to his application to proceed *in forma pauperis*. Because Mr. Thompson's complaint must be dismissed as no amendment can cure the fact that Defendants are immune from suit for the actions that Mr. Thompson alleges, the fact that Mr. Thompson filed a notice of bond to support his motion to proceed *in forma pauperis* does not change the analysis regarding the merits of his Complaint.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
OVERRULING OBJECTIONS - 4

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED as follows:

1. The Court ADOPTS the Report and Recommendation (Dkt. No. 5);

2. The case is DISMISSED WITH PREJUDICE;

3. The Motion to Proceed In Forma Pauperis (Dkt. No. 3) is STRICKEN as moot;

4. The Motion for Summary Judgment (Dkt. No. 8) is STRICKEN as moot;

5. The Clerk shall ENTER judgment for Defendants and CLOSE the case; and

6. The Clerk is DIRECTED to send a copy of this Order to Plaintiff.

Dated this 14th day of April 2022.

Tana Lin
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
OVERRULING OBJECTIONS - 5